FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-30278 |
| Plaintiff - Appellee, | D.C. No. 3:11-cr-05351-BHS-1 |
| v. | |
| G. B. BROWN, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Submitted April 9, 2015[**]
Seattle, Washington

Before: FERNANDEZ, RAWLINSON, and CALLAHAN, Circuit Judges.

Appellant G.B. Brown (Brown) challenges his convictions for possession of

oxycodone with intent to distribute and structuring of financial transactions to

avoid reporting requirements. Brown maintains that there was insufficient

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

evidence to support his convictions and that he was entrapped into purchasing approximately four thousand oxycodone pills. Brown also contends that the district court erred in denying his motion for judgment of acquittal premised on several pre-trial motions.

The government presented evidence that Brown had an extensive history of purchasing large quantities of oxycodone pills, including the purchase of the four thousand pills at issue in this case. *See United States v. Johnson*, 357 F.3d 980, 984 (9th Cir. 2004) (observing that "[a] jury can infer intent to distribute from possession of a large quantity of drugs") (citation omitted).

Brown's extensive history of purchasing large quantities of oxycodone pills constituted sufficient evidence that Brown was not induced to purchase four thousand oxycodone pills and that he was predisposed to trafficking in controlled substances. *See United States v. Spentz*, 653 F.3d 815, 818 (9th Cir. 2001) (articulating that "[t]he entrapment defense has two elements: (1) the defendant was induced to commit the crime by a government agent, and (2) he was not otherwise predisposed to commit the crime") (citation and internal quotation marks omitted). Additionally, Brown failed to present any persuasive evidence that law enforcement officers induced him to structure currency transactions to evade

reporting requirements. *See id.* (describing defendant's obligation to present evidence of entrapment).

Brown improperly challenged the district court's denial of a litany of pre-trial motions in his motion for judgment of acquittal. *See United States v. Crowe*, 563 F.3d 969, 972 n.5 (9th Cir. 2009) (explaining that "[t]here is only one ground for a motion for judgment of acquittal. This is that the evidence is insufficient to sustain a conviction of one or more of the offenses charged in the indictment or information.") (citation and internal quotation marks omitted). In any event, the district court properly held that no errors, cumulative or otherwise, warranted a judgment of acquittal.

**AFFIRMED.**